GANN v. STATE.*

(Division A. Nov. 29, 1926.)

[110 So. 439. No. 25782.]

INTOXICATING LIQUORS. *Instruction authorizing conviction of possession of more than one quart of liquor on finding of possession of even small quantity held erroneous.*

    Instruction in prosecution for unlawful possession of more than one quart of liquor, authorizing conviction on finding of possession of intoxicating liquors, even though only a small quantity, *held* erroneous.

---

*Corpus Juris-Cyc. References: Intoxicating Liquors, 33 C. J., p. 790, n. 35.

APPEAL from circuit court of Panola county.

HON. GREEK L. RICE, Judge.

Ben Gann was convicted of the unlawful possession of more than one quart of intoxicating liquor, and he appeals. Reversed and remanded.

*James McClure, Jr.,* for appellant.

The only instruction given the state is erroneous. This instruction is in direct conflict with the instruction given

the defendant which told the jury that before they could convict him, they must believe that he had more than a quart of whiskey in his possession at the time.

Now which of the two instructions was the jury to follow? The district attorney said, "There is the *teaspoonful* of whiskey which is still in the jug," and the court tells the jury that if they believe that the defendant had it in his possession, a verdict of guilty as charged must be returned. See *Robinson* v. *State,* (Miss.) 108 So. 903.

*W. A. Scott, Jr.,* Special Agent, for the state.

*The instruction given for the state was not erroneous.* The appellant contends that this instruction authorized the jury to convict the defendant even though they believed that he had in his possession less than a quart of intoxicating liquor. We cannot accept this view of the instruction.

The evidence shows that when the defendant was arrested the officer went to the spot where the liquor had been concealed in the tile and found that the jug was empty with the exception of about three ounces. It is oftentimes the case that the jury is under the impression that they cannot convict unless the evidence is brought into court. This instruction merely tells them that it was immaterial that the officers found only a few ounces in the jug at the time of the arrest, because the testimony showed that shortly prior to that time the jug had contained anywhere from one quart to a half a gallon of liquor.

All of the instructions, both for the state and the defendant, when considered together show that the state was merely telling the jury that the amount of liquor found in the jug at the time of the arrest was immaterial; but they must believe from the evidence that the defendant has at some time during this transaction in his possession more than one quart.

COOK, J., delivered the opinion of the court.

The appellant was convicted on a charge of the unlawful possession of more than one quart of intoxicating liquor, and was sentenced to serve sixty days in jail, and to pay a fine of two hundred dollars, and from this conviction and sentence he has prosecuted this appeal.

The state secured the following instruction to the jury:

"The court instructs the jury, for the state, that, if you believe from the evidence beyond a reasonable doubt that the defendant had in his possession on the occasion in question intoxicating liquors, it is your sworn duty to convict him, and this is true, even though he may have had only a small quantity in a jug at the time the officers took it in charge."

This instruction authorized a conviction on the charge of having more than one quart of liquor in possession, if the jury believed from the evidence beyond a reasonable doubt that the appellant had any intoxicating liquor in his possession on the occasion in question. In response to this instruction, the jury returned a general verdict of guilty as charged, which was a conviction of having more than a quart in his possession, which carries a greater minimum penalty than the general statute making it a criminal offense to have in one's possession any quantity of intoxicating liquor. To authorize a verdict of guilty of the offense charged, this instruction should have carried the qualification that the jury must believe from the evidence, beyond a reasonable doubt, that the defendant had in his possession more than a quart of intoxicating liquor on the occasion in question. Whether a defendant may be convicted of having in his possession less than a quart, upon a charge of having more than one quart, is not here involved.

For the error indicated in the state's instruction, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*